# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON WILBANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-481-R |
| | ) |
| FINANCIAL INDUSTRY REGULATORY | ) |
| AUTHORITY (FINRA), SECURITIES | ) |
| AND EXCHANGE COMMISSION (SEC), | ) |
| and RBC CORRESPONDENT SERVICES, | ) |
| | ) |
| Defendants. | ) |

Before the Court is Plaintiff's Emergency Request for a Temporary Restraining Order [Doc. 1]. The Court DECLINES to grant the requested relief for a number of reasons.

First, Mr. Wilbanks has failed to file a complaint in this action. While this court will liberally construe pro se pleadings, Mr. Wilbanks's pro se status does not excuse his obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See, e.g., Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Rule 3 provides that a civil action is commenced by filing a complaint. Mr. Wilbanks has failed to do so.

Second, Mr. Wilbanks has failed to state any grounds for this Court's jurisdiction, as required per Federal Rule of Civil Procedure 8(a)(1).

Third, the Court questions whether Mr. Wilbanks has standing in this case. Though he claims he is the largest and majority shareholder of Wilbanks Securities, Inc., the "general rule [is] that shareholders lack standing to assert claims when their losses are only

derivative of a corporation's losses, meaning that the individual's losses depend on the company's losses." *See Blixseth v. Cushman & Wakefield of Colorado, Inc.*, No. 15-1375, 2017 WL 460972, at *2 (10th Cir. Feb. 3, 2017) (citing *Niemi v. Lasshofer*, 728 F.3d 1252, 1260 (10th Cir. 2013)). Without standing, this Court lacks jurisdiction, and the Court therefore declines to enter a temporary restraining order.

Further, Rule 65(b)(1) permits the Court to issue a temporary restraining order without written or oral notice to the adverse party only under limited conditions. Those conditions have not been met, meaning Defendants are entitled to notice before this Court grants any relief. Although Mr. Wilbanks claims he served Defendants with his Motion by sending it via express mail the night of April 25, 2017, Defendants would receive notice at the earliest today, making any notice far from adequate.

For these reasons, Plaintiff's Motion for a Temporary Restraining Order is DENIED. If Plaintiff so chooses he may file a Complaint within ten days from the date of this Order; otherwise, this action will be dismissed.

IT IS SO ORDERED this 26th day of April 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE